1  **Mark M. Williams, State Bar No. 89848**
   **LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES**
2  **701 North Brand Blvd., Suite 600**
   **Glendale, California 91203-9877**
3  **Telephone (213) 426-3600 • Facsimile (213) 426-3650**

4  Attorneys for Plaintiff DANIEL BADER, dba SEA LANDING
   DIVE CENTER

5

6

7

8  UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA
   WESTERN DIVISION

9

10  DANIEL BADER, d.b.a. SEA LANDING          CASE NO:
    DIVE CENTER,
11
                                              **COMPLAINT FOR INJUNCTIVE RELEIF**
12          Plaintiff,                        **UNDER THE FREEDOM OF INFORMATION**
                                              **ACT**
13       vs.

14  UNITED STATES DEPARTMENT OF
    JUSTICE; BUREAU OF ALCOHOL,
15  TOBACCO, FIREARMS and EXPLOSIVES

16          Defendants.

17

18       TO THE COURT AND TO THE DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

19       COMES NOW plaintiff Daniel Bader, d.b.a. Sea Landing Dive Center, and for his complaint

20  alleges as follows:

21                    **COMPLAINT FOR INJUNCTIVE RELIEF**

22       1.  This is an action under the Freedom of Information Act, 5 U.S.C. §552, for injunctive and

23          other appropriate relief and seeking the disclosure and release of agency records improperly

24          withheld from plaintiff by the Department of Justice ("DOJ") and its component, the Bureau

25          of Alcohol, Tobacco, Firearms and Explosives ("ATF").

26                    **JURISDICTION AND VENUE**

27       2.  This Court has both subject matter jurisdiction over this action and personal jurisdiction over

28          the parties pursuant to 5 U. S. C. §552(a)(4)(B). This Court also had jurisdiction over this

LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES

1       action pursuant to 28 U.S.C. §1331. Venue lies in this district under 5 U. S. C. §552(a)(4)(B).

2  3.  Daniel Bader is a resident of the State of California, County of Santa Barbara, and does

3      business in the City of Santa Barbara as Sea Landing Dive Center, located in Santa Barbara

4      Harbor. Plaintiff is a named defendant in litigation arising out of the Conception dive boat fire

5      of September 2, 2019, which is pending in Los Angeles County Superior Court under lead

6      case <u>Fiedler, et al. v. Truth Aquatics, Inc., et al.</u>, case number 21STCV08121, and related

7      actions presently assigned to the  Honorable Caroline B. Kuhl, Department 12, Spring Street

8      Courthouse.

9  4.  Defendant DOJ is a Department of the Executive Branch of the United States Government,

10      and it includes the component entity the Bureau of Alcohol, Tobacco, Firearms and

11      Explosives or "ATF." These are agencies within the meaning of 5 U. S. C. §552(f).

12  5.  The DOJ and the ATF conducted an investigation into the cause and origin of the fire that

13      consumed the dive vessel Conception in the early morning hours of September 2, 2019.  The

14      ATF prepared a report of its investigation which included a separate list of evidence and

15      references in support of its opinions and conclusions.

16  6.  The ATF report and its supporting data have not been made public. Plaintiff herein is informed

17      and believes and thereon alleges the DOJ gave the plaintiffs in the underlying personal injury

18      actions and their counsel the ATF report absent the supporting data if they agreed in writing

19      not to release the report or discuss its contents with third parties.

20  7.  Plaintiff, through his counsel of record herein, made a formal FOIA request to the ATF for

21      the production of the report(s) and their supporting data and evidence. Attached hereto as

22      Exhibit A is a true and correct copy of said request, which is incorporated by this reference.

23  8.  The DOJ and the ATF denied in writing this FOIA request. Attached hereto as Exhibit B is a

24      true and correct copy of that denial, which is incorporated by this reference.

25  9.  Plaintiff, by and through his counsel, appealed said denial. A true and correct copy of that

26      appeal is attached hereto as Exhibit C and is incorporated by this reference.

27  10. The DOJ and the ATF denied this appeal. A true and correct copy of said denial is attached

28      hereto as Exhibit D and is incorporated by this reference.

LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES

COMPLAINT FOR INJUNCTIVE RELEIF

11. Plaintiff has exhausted the applicable administrative remedies with respect to its FOIA request to the DOJ and the ATF.

12. The contents of the ATF reports and particularly the supporting evidence and data for the reports are crucial for the defendants in the underlying civil litigation. Defendants and their consultants did not have direct access to the Conception dive boat post-accident to conduct their own inspection of the physical evidence and to obtain timely interviews with key witnesses to the fire and to the operation of the dive boat prior to the fire.

13. There is presently a criminal prosecution of the captain of the Conception dive boat for alleged criminal conduct in the operation of the vessel. A copy of that indictment is attached hereto as Exhibit E and is incorporated by this reference. Apart from there having been a pre-dawn fire aboard the vessel and apart from there having been no fire watch posted or assigned to remain on patrol and able to respond to such an emergency, there are no facts concerning the cause and origin of the subject vessel fire that impact on that prosecution.

14. The DOJ and the ATF have wrongfully withheld the requested records from plaintiff.

### REQUESTED RELIEF

WHEREFORE, plaintiff prays that this Court:

1. Order the DOJ and the ATF to disclose the requested records in their entireties, including all versions or drafts of the reports, the notes and all raw data and witness interviews and make copies available to plaintiff;

2. Provide for expeditions proceedings in this action;

3. Award to plaintiff its costs and reasonable attorney fees incurred in this action;

4. Grant such other relief as the Court may deem just and proper.

Respectfully Submitted,

Dated: January 10, 2022          LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES

By: _____

MARK M. WILLIAMS
Attorneys for Plaintiff DANIEL BADER, dba SEA
LANDING DIVE CENTER

LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES

# EXHIBIT "A"

ORANGE COUNTY
Tel (714) 558-7008
Fax (714) 972-0379

NORTHERN CALIFORNIA
Tel (916) 563-3100
Fax (916) 565-3704

INLAND EMPIRE
Tel (951) 275-9192
Fax (951) 275-9249

SAN DIEGO
Tel (619) 719-4700
Fax (619) 719-4701

# LJ LAFOLLETTE JOHNSON

## LAFOLLETTE, JOHNSON, DEHAAS, FESLER & AMES
*A Professional Corporation*

JOHN T. LAFOLLETTE
(1922 – 1990)
DAREN T. JOHNSON
(1928 – 2017)

865 South Figueroa Street, 32nd Floor
Los Angeles, California 90017-5431
Tel (213) 426-3600 • Fax (213) 426-3650
www.ljdfa.com

June 8, 2021

**Via E-Mail— foiamail@atf.gov**

Bureau of Alcohol, Tobacco, Firearms and Explosives
Information Privacy and Governance (IPG) Division, Room 4E.301
99 New York Avenue, NE
Washington, DC 20226

Re:   **NANCY FIEDLER, et al., v. TRUTH AQUATIC INC., et al.,**
      Our File No.:  00111.42262MMW
      **Date of Loss: September 2, 2019**
      **Incident: Dive Boat Conception Fire**
      My Client: Daniel Bader, d.b.a. Sea Landing Dive Center

To Whom it May Concern:

Please be advised that I am the attorney for Daniel Bader, d.b.a. Sea Landing Dive Center in Santa Barbara, California, who is a defendant in the above captioned civil litigation pending in the Superior Court of the County of Los Angeles, assigned for all purposes to the Honorable Carolyn B. Kuhl, Department 12.

This is a FOIA request for a copy of the ATF Report of its investigation of the dive boat Conception fire that took place on September 2, 2019 at Santa Cruz Island, California. This request appears to fall into the category "all other requesters" and our office is willing to pay the fees associated with that category.

The date range for this request is September 2, 2019 through to the present. Members of the National Response Team (NRT) of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) along with ATF special agents from the Los Angeles Field Division were activated to join the investigation of the fire that occurred on the dive boat Conception killing 34 people. The fire started in the early morning hours of Labor Day while the ship was anchored off Santa Cruz Island.

The partial NRT callout had experts processing the scene to determine the cause and origin of the fire. Special agents and other experts with the NRT were activated to join the investigation at the request of the Santa Barbara County Sheriff's Office (SBCSO). The NRT members worked jointly with the ATF Los Angeles Field Division, SBCSO, and the U.S. Coast Guard.

ATF FOIA REQUEST
Re: **NANCY FIEDLER, et al., v. TRUTH AQUATIC INC., et al.,**
June 8, 2021
Page 2


    Thank you for your prompt attention to this FOIA request. My direct dial line is 213-438-2125 and my email address is mwilliams@ljdfa.com.


Very truly yours,

LA FOLLETTE, JOHNSON, DeHAAS,
FESLER & AMES

By        /s/ *Mark M. Williams*
MARK M. WILLIAMS

# EXHIBIT "B"





**U.S. Department of Justice**

Bureau of Alcohol, Tobacco,
Firearms and Explosives

---

www.atf.gov

September 29, 2021                                     REFER TO:  2021-0854

Mr. Mark M. Williams, Esq.
LaFollette Johnson
865 South Figueroa Street
32nd Floor
Los Angeles, CA 90017-2543
mwilliams@ljdfa.com

Dear Mr. Williams:

This responds to your Freedom of Information Act (FOIA) [/Privacy Act] request dated June 8,
2021 and received by the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) on June
8, 2021, in which you requested records concerning a fire at Dive Boat Conception, Santa Cruz
Island, CA on 9/2/19.  Your request has been assigned number 2021-0854.  Please refer to this
number on any future correspondence.

At this time, the investigation relating to the fire at Dive Boat Conception, Santa Cruz Island, CA
on 9/2/19 is still open.  Therefore, your request is denied pursuant to 5 U.S.C. § 552(b)(7)(A)
because it concerns an ongoing investigation.  Exemption (b)(7)(A) authorizes us to withhold
investigatory records or information compiled for law enforcement purposes, the release of
which could reasonably be expected to interfere with enforcement proceedings.

For your information, Congress excluded three discrete categories of law enforcement and
national security records from the requirements of the FOIA.  *See* 5 U.S.C. § 552(c).  This
response is limited to those records that are subject to the requirements of the FOIA.  This is a
standard notification that is given to all our requesters and should not be taken as an indication
that excluded records do, or do not, exist.

You may contact our FOIA Public Liaisons, Darryl Webb or Zina Kornegay, at (202) 648-7390,
for any further assistance and to discuss any aspect of your request.  Additionally, you may
contact the Office of Government Information Services (OGIS) at the National Archives and
Records Administration to inquire about the FOIA mediation services they offer.  The contact
information for OGIS is as follows: Office of Government Information Services, National
Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park,
Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-
684-6448; or facsimile at 202-741-5769.

-2-

Mr. Williams

If you are not satisfied with my response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal.  Your appeal must be postmarked or electronically transmitted within 90 days of the date of my response to your request.  If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

Sincerely,

Adam C. Siple
Chief
Information and Privacy Governance Division

# EXHIBIT "C"



**LJ** **LaFOLLETTE JOHNSON**
LaFOLLETTE, JOHNSON, DeHAAS, FESLER & AMES
*A Professional Corporation*

ORANGE COUNTY
Tel (714) 558-7008
Fax (714) 972-0379

NORTHERN CALIFORNIA
Tel (916) 563-3100
Fax (916) 565-3704

INLAND EMPIRE
Tel (951) 275-9192
Fax (951) 275-9249

SAN DIEGO
Tel (619) 719-4700
Fax (619) 719-4701

JOHN T. LaFOLLETTE
(1922-1990)
DAREN T. JOHNSON
(1928-2017)

701 North Brand Boulevard, Suite 600
Glendale, California 91203
Tel (213) 426-3600 • Fax (213) 426-3650
www.ljdfa.com

October 13, 2021

***VIA CERTIFIED MAIL***

Director, Office of Information Policy (OPI)
United States Department of Justice
441 G. Street, NW, 6th Floor
Washington, D. C. 20530

Re:     **NANCY FIEDLER, et al., v. TRUTH AQUATIC INC., et al.,**
        DATE OF LOSS: 09-02-2019
        INCIDENT: DIVE BOAT CONCEPTION FIRE
        My Client: Daniel Bader, d.b.a. Sea Landing Dive Center
        FOIA NUMBER: 2021-0854

Dear Director:

This is an appeal under the Freedom of Information Act.

On June 8th, 2021, I requested documents under the Freedom of Information Act. My request was assigned identification number 2021-0854. On September 29, 2021 I received a response to my request in a letter signed by Adam C. Siple, Chief, Information and Privacy Governance Division. I appeal the denial of my June 8th request for a copy of the ATF report(s) and the supporting evidence/information concerning the Conception boat fire of 09-02-2019.

The documents that were withheld must be disclosed under FOIA because disclosure of this information will not reasonably be expected to interfere with an enforcement proceeding, or deprive a person of the right to a fair trial or an impartial adjudication. (See 5 USC 552(b)(7).)

The United States has proceeded against the Captain of the Conception, Mr. Jerry Nehl Boylan, in CR 2:20-cr-00600-GW. Mr. Boylan is charged with negligent inattention to his duties as vessel captain by failing to post a night watch or roving patrol (46 CFR 185.410), failing to conduct sufficient fire drills (46 CFR 185.524) and failing to conduct sufficient crew training (46 CFR 185.420). (See attached Indictment.)

Director, Office of Information Policy (OPI)
United States Department of Justice
Re: **NANCY FIEDLER, et al., v. TRUTH AQUATIC INC., et al.,**
October 13, 2021
Page 2

The United States Attorney has determined that the criminal action against Mr. Boylan is related to the Limitation of Liability Act (LOLA) filing by Truth Aquatics, Inc. (See attached Notice of Related Case dated 12/01/2020.)

The Deputy Federal Public Defender challenged the government's attempt to have the court determine the LOLA action was related to the criminal prosecution of Mr. Boylan, which the Public Defender characterized as an attempt to forum shop the assigned trial judge in the criminal case. (See attached Opposition to Government's Notice of Appeal.)

The ATF investigation focused on the cause and origin of the fire that consumed the Conception and claimed the lives of thirty-four persons in the early morning hours of September 2, 2019. In contrast, the government's indictment of Mr. Boylan is focused on Mr. Boylan's alleged failure to post a roving patrol or fire watch and his alleged failure to properly train his crew.

The LOLA filing and the related civil suits by the survivors of the deceased passengers and crew member are focused on the cause and origin of the fire itself and how that fire spread in the vessel. The ATF report and its supporting evidence/sources are key documents in the study of how the Conception fire started, where it started and how it spread.

The ATF describes its role and function as "The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) is the Federal agency primarily responsible for administering and enforcing the criminal and regulatory provisions of the Federal laws pertaining to destructive devices (bombs), explosives, and arson. Over nearly 40 years, ATF has developed scientifically proven investigative capabilities, expertise, and resources that have positioned ATF as the Nation's primary source for explosives and fire investigative knowledge and assistance."

The ATF National Response Team was activated on September 5, 2019 to join the investigation of the fire aboard the Conception. Special Agent Carlos A. Canino stated "*the ATF is committed to working alongside local law enforcement its national partners by bringing it resources to determine the origin and cause of this fire.*" (See attached ATF Press Release.)

The NTSB report in this matter provided "*In the interior of the aft portion of the salon, the potential sources of ignition available included the vessel's electrical system and the electronic devices and batteries being charged at the aftmost tables and aft bulkhead area. On the aft exterior of the salon, the potential ignition sources would likely be limited to improperly discarded smoking materials in the trash can.*

*"At the exterior of the aft portion of the salon (in the area where the stairs lead to the upper deck), the only potential sources of ignition would include transient types, such as discarded smoking materials. Based on the examination of the Vision and the statements from previous passengers, there was no evidence of electrical systems or electronic devices being charged in this area. There was, however, one large polyethylene trash can located aft of the salon underneath*

Director, Office of Information Policy (OPI)
United States Department of Justice
Re: **NANCY FIEDLER, et al., v. TRUTH AQUATIC INC., et al.,**
October 13, 2021
Page 3

*the stairs to the upper deck where one could potentially discard smoking materials. Old T regulations did not allow for the use of these trash cans in the passenger bunkroom but did not preclude their use in any other area of the vessel. New T regulations do not allow the use of these combustible trash cans in any areas of the vessel but do not retroactively apply to vessels built under the Old T regulations unless they are replaced. As stated earlier, polyethylene trash cans are highly combustible, making them susceptible to accidental fires that could be caused by the improper disposal of smoking materials or other unforeseen sources of ignition. The NTSB concludes that although a definitive ignition source cannot be determined, the most likely ignition sources include the electrical distribution system of the vessel, unattended batteries being charged, improperly discarded smoking materials, or another undetermined ignition source."*

We are informed and believe and thereon state that the ATF investigators concluded the most probable source of ignition for this fire was the improper disposal of smoking materials in one of the large polyethylene trash cans present in the main salon.

The investigation of the ATF is important to the parties litigating the civil suits filed in Los Angeles County Superior Court, the lead case of which is Fiedler v. Truth Aquatics, Case No. 21STCV08121, which is assigned for all purposes to the hon. Carolyn Kuhl in Department 12.

The test for whether the revelation of the ATF investigation is protected by 5 USC §552(b)(7)(A) is whether the revelation of the data will tend to obstruct, impede or hinder enforcement proceedings. (Curran v. Department of Justice (1987) 813 F.2d 473)

In this matter, the ATF's study of the cause and origin of the Conception boat fire would not reasonably be expected to interfere with the prosecution of the case against Mr. Boylan, who is charged with failing to properly train his crew and failure to post a fire watch.

Very truly yours,

LA FOLLETTE, JOHNSON, DeHAAS,
FESLER & AMES

By

MARK M. WILLIAMS

enclosures

ORANGE COUNTY
Tel (714) 558-7008
Fax (714) 972-0379

NORTHERN CALIFORNIA
Tel (916) 563-3100
Fax (916) 565-3704

INLAND EMPIRE
Tel (951) 275-9192
Fax (951) 275-9249

SAN DIEGO
Tel (619) 719-4700
Fax (619) 719-4701

# LJ LaFOLLETTE JOHNSON

### LaFOLLETTE, JOHNSON, DeHAAS, FESLER & AMES
*A Professional Corporation*

JOHN T. LaFOLLETTE
(1922 – 1990)
DAREN T. JOHNSON
(1928 – 2017)

865 South Figueroa Street, 32nd Floor

Los Angeles, California 90017-5431

Tel (213) 426-3600 • Fax (213) 426-3650

www.ljdfa.com

June 8, 2021

**Via E-Mail— foiamail@atf.gov**

Bureau of Alcohol, Tobacco, Firearms and Explosives
Information Privacy and Governance (IPG) Division, Room 4E.301
99 New York Avenue, NE
Washington, DC 20226

Re:     **NANCY FIEDLER, et al., v. TRUTH AQUATIC INC., et al.,**
          Our File No.:  00111.42262MMW
          **Date of Loss: September 2, 2019**
          **Incident: Dive Boat Conception Fire**
          My Client: Daniel Bader, d.b.a. Sea Landing Dive Center

To Whom it May Concern:

        Please be advised that I am the attorney for Daniel Bader, d.b.a. Sea Landing Dive Center in Santa Barbara, California, who is a defendant in the above captioned civil litigation pending in the Superior Court of the County of Los Angeles, assigned for all purposes to the Honorable Carolyn B. Kuhl, Department 12.

        This is a FOIA request for a copy of the ATF Report of its investigation of the dive boat Conception fire that took place on September 2, 2019 at Santa Cruz Island, California. This request appears to fall into the category "all other requesters" and our office is willing to pay the fees associated with that category.

        The date range for this request is September 2, 2019 through to the present. Members from the National Response Team (NRT) of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) along with ATF special agents from the Los Angeles Field Division were activated to join the investigation of the fire that occurred on the dive boat Conception killing 34 people. The fire started in the early morning hours of Labor Day while the ship was anchored off Santa Cruz Island.

        The partial NRT callout had experts processing the scene to determine the cause and origin of the fire. Special agents and other experts with the NRT were activated to join the investigation at the request of the Santa Barbara County Sheriff's Office (SBCSO). The NRT members worked jointly with the ATF Los Angeles Field Division, SBCSO, and the U.S. Coast Guard.

ATF FOIA REQUEST
Re: **NANCY FIEDLER, et al., v. TRUTH AQUATIC INC., et al.,**
June 8, 2021
Page 2


     Thank you for your prompt attention to this FOIA request. My direct dial line is 213-438-2125 and my email address is mwilliams@ljdfa.com.


Very truly yours,

LA FOLLETTE, JOHNSON, DeHAAS,
FESLER & AMES

By        /s/ *Mark M. Williams*
          MARK M. WILLIAMS

12/01/2020

CENTRAL DISTRICT OF CALIFORNIA
BY: ___DM___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

January 2020 Grand Jury

UNITED STATES OF AMERICA,

     Plaintiff,

     v.

JERRY NEHL BOYLAN,

     Defendant.

CR 2:20-cr-00600-GW

I N D I C T M E N T

[18 U.S.C. § 1115: Seaman's Manslaughter]

The Grand Jury charges:

INTRODUCTORY ALLEGATIONS

At times relevant to this Indictment:

1.    The passenger vessel ("P/V") *Conception* was a 75-foot, wood and fiberglass passenger vessel based out of Santa Barbara, California.

2.    Defendant JERRY NEHL BOYLAN was the Captain and Master of the *P/V Conception* and, as such, was responsible for the safety and security of the vessel, its crew, and its passengers.

1        3.    In the early morning hours of September 2, 2019, a fire

2   broke out aboard the *P/V Conception*, claiming the lives of one

3   crewmember and all 33 passengers onboard.

4        4.    These Introductory Allegations are incorporated into each

5   count of this Indictment.

1          COUNTS ONE THROUGH THIRTY-FOUR

2              [18 U.S.C. § 1115]

3      On or about September 2, 2019, in Santa Barbara County, within

4   the Central District of California, defendant JERRY NEHL BOYLAN, the

5   Captain and Master employed on the *P/V Conception*, by his misconduct,

6   negligence, and inattention to his duties on said vessel, including

7   failing to have a night watch or roving patrol as required by 46

8   C.F.R. § 185.410 and the vessel's United States Coast Guard

9   Certificate of Inspection, failing to conduct sufficient fire drills

10  as required by 46 C.F.R. § 185.524, and failing to conduct sufficient

11  crew training as required by 46 C.F.R. § 185.420, caused the deaths

12  of the following individuals:

| COUNT | VICTIM |
|-------|--------|
| ONE | C.D.A. |
| TWO | S.J.S. |
| THREE | T.N.A.S. |
| FOUR | B.F. |
| FIVE | J.-P.A. |
| SIX | N.G.B. |
| SEVEN | P.A.B. |
| EIGHT | V.D.C. |
| NINE | K.M.C. |
| TEN | R.S.C. |
| ELEVEN | S.S.D. |

| COUNT | VICTIM |
|-------|--------|
| TWELVE | J.C.D. |
| THIRTEEN | L.A.F. |
| FOURTEEN | K.O.F. |
| FIFTEEN | A.A.F. |
| SIXTEEN | A.D.D.-F. |
| SEVENTEEN | D.G. |
| EIGHTEEN | Y.K. |
| NINETEEN | Y.H. |
| TWENTY | A.H.K. |
| TWENTY-ONE | X.L. |
| TWENTY-TWO | C.S.M. |
| TWENTY-THREE | K.M.T. |
| TWENTY-FOUR | C.A.M. |
| TWENTY-FIVE | M.G. |
| TWENTY-SIX | K.N. |
| TWENTY-SEVEN | E.S.Q. |
| TWENTY-EIGHT | A.R.S.Q. |
| TWENTY-NINE | M.S.Q. |
| THIRTY | N.S.S.Q. |

| COUNT | VICTIM |
|-------|--------|
| THIRTY-ONE | S.S.S. |
| THIRTY-TWO | F.J.S. |
| THIRTY-THREE | T.S.S. |
| THIRTY-FOUR | W.T. |

A TRUE BILL

/S/

Foreperson

NICOLA T. HANNA
United States Attorney

*Brandon Fox*

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

JOSEPH O. JOHNS
Assistant United States Attorney
Chief, Environmental & Community
Safety Crimes Section

MARK A. WILLIAMS
Assistant United States Attorney
Deputy Chief, Environmental &
Community Safety Crimes Section

DIANA M. KWOK
Assistant United States Attorney
Environmental & Community Safety
Crimes Section

FILED
CLERK, U.S. DISTRICT COURT

12/01/2020

CENTRAL DISTRICT OF CALIFORNIA
BY: ___DM___ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> PLAINTIFF <br><br> v. <br> JERRY NEHL BOYLAN, <br> DEFENDANT | CASE NUMBER <br><br> CR 2:20-cr-00600-GW <br><br> **NOTICE TO COURT OF** <br> **RELATED CASE** <br><br> (PURSUANT TO GENERAL ORDER 14-03) |

Plaintiff United States of America hereby informs the Court that the above-entitled criminal case may be related to <u>In the Matter of the Complaint of Truth Aquatics, Inc. and Glen Richard Fritzler and Dana Jeanne Fritzler</u>, Case No. 19-CV-7693-PA-MRW, which:

   __X__     was previously assigned to the Honorable Percy Anderson;

   _____     has not been previously assigned.

The above-entitled cases may be related for the following reasons:

   __X__     arise from the same or a closely related transaction, happening, or event;

   __X__     call for determination of related or similar questions of law and fact; and/or

   __X__     involve one or more defendants from the criminal case in common and would entail substantial duplication of labor if heard by different judges.

Additional explanation (if any):

Both the civil case and the instant criminal case arise from the fire aboard the *P/V Conception* on September 2, 2019, that claimed the lives of 34 individuals. There is likely to be considerable overlap of facts, witnesses, and legal theories in both cases. The most recent Joint Report filed in the civil case notes that "…Petitioners believe that many, and perhaps all, of the central issues to this limitation action will also be at issue in the criminal proceedings." <u>See</u> 19-CV-7693-PA-MRW, Docket No. 164.

Dated: November 30, 2020

_MARK A. WILLIAMS_
MARK A. WILLIAMS
JOSEPH O. JOHNS
DIANA KWOK
Assistant United States Attorneys

CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
GEORGINA WAKEFIELD (Bar No. 282094)
(E-Mail: Georgina_Wakefield@fd.org)
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
JERRY NEHL BOYLAN

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| UNITED STATES OF AMERICA, | Case No. 2:20-CR-00600-GW |
|---|---|
| Plaintiff, | |
| v. | **OPPOSITION TO GOVERNMENT'S NOTICE OF RELATED CASES** |
| JERRY NEHL BOYLAN, | |
| Defendant. | |

Defendant Jerry Nehl Boylan, by and through his counsel of record, Deputy Federal Public Defender Georgina Wakefield, hereby files this Opposition to the Government's Notice of Related Cases (ECF No. 6).

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: December 7, 2020      By  */s/ Georgina Wakefield*

GEORGINA WAKEFIELD
Deputy Federal Public Defender
Attorney for JERRY NEHL BOYLAN

OPPOSITION

## I. INTRODUCTION

Jerry Boylan opposes the government's designation of this case as related to *In the Matter of the Complaint of Truth Aquatics, Inc. and Glen Richard Fritzler and Dana Jeanne Fritzler*, Case No. 19-CV-7693-PA-MRW, because the two cases are not "related" under the plain terms of the General Order or Local Rules governing the assignment of cases in this District.

The District's operative rule requiring random assignment of cases guarantees the fair distribution of cases, avoids the appearance of bias, promotes public confidence in the administration of justice, and reduces opportunities for judge-shopping. In trying to circumvent the random assignment process, the government has designated this case as "related" to *Matter of Truth Aquatics*. It is not. The General Order and Local Rules are clear: a criminal case cannot be related and transferred to a judge presiding over a previously filed civil case. With no basis for requesting the transfer, the Court should reject the government's notice, and this case should remain with the randomly assigned district judge.

## II. FACTUAL STATEMENT

On September 2, 2019, the dive boat Conception caught fire off the coast of Santa Cruz Island, one of the Channel Islands off the coast of California. Tragically, thirty-three passengers and one crewmember died because of the fire. Five crewmembers, including the Conception's captain, Jerry Boylan, narrowly escaped by jumping overboard into the Pacific Ocean.

The owners of the Conception—Truth Aquatics and the Fritzler Family Trust— filed a civil maritime action in federal court seeking exoneration from or limitation of

1   liability under 46 U.S.C. § 30501 *et seq.*[1] The civil case was assigned to the Honorable

2   District Judge Percy Anderson.[2] Loved ones of the decedents and one surviving

3   crewmember filed answers to the complaint and counterclaims for damages. According

4   to recent filings, the parties are working to establish a discovery plan as required by

5   Federal Rule of Civil Procedure 26(f), and counsel for the approximately forty-four

6   claimants have been ordered to propose lead or liaison counsel to streamline the

7   complex litigation.[3]

8          Mr. Boylan was an employee, not an owner, of Truth Aquatics or the

9   Conception. He is not a party to the civil lawsuit initiated by the owners of the

10  Conception.

11         On December 1, 2020, the government obtained an indictment charging Mr.

12  Boylan with 34 counts of seaman's manslaughter, a violation of 18 U.S.C. § 1115.

13  (ECF No. 1.) Mr. Boylan is the only defendant charged.

14         This case was randomly assigned to the Honorable District Judge George H. Wu

15  under General Order 19-03. The government filed a Notice of Related Cases, seeking to

16  reassign the criminal case from Judge Wu to Judge Anderson by asserting that it relates

17  to the civil case under the operative general order. (ECF No. 6.)

18

19                              **III. ARGUMENT**

20  **A.     Random assignment of district judges to cases protects the integrity of**

21  **        the judicial system and the fair administration of justice.**

22         28 U.S.C. § 137 governs the assignment of cases. It provides that "[t]he business

23  of a court having more than one judge shall be divided among the judges as provided

24

25  _____

26  [1] Complaint (Doc. No. 1), *In the Matter of the Complaint of Truth Aquatics*,
    2:19-CV-07693-PA-MRW (C.D. Cal. Sept. 5, 2019).

27  [2] *Id.* (Doc. No. 9).

28  [3] *Id.* (Doc. No. 164); *id.* (Doc. No. 174).

1  by the rules and orders of the court." The default rule in this District is that criminal

2  cases, unless directly assigned, will be randomly assigned to district judges.[4]

3       The fundamental rationale for a general rule requiring random assignment of

4  cases is to promote fairness and impartiality and ensure public confidence in the

5  integrity of the judicial process. Randomly assigning district judges to cases is

6  important because it precludes real or apparent bias by preventing "judge shopping." *In*

7  *re Yagman,* 796 F.2d 1165, 1177–78 (9th Cir. 1986); *see also Cruz v. Abbate,* 812 F.2d

8  571, 573–74 (9th Cir. 1987) (noting the importance of avoiding real or perceived

9  arbitrariness or unfairness). Leaving the pairing of cases and judges to chance protects

10  the integrity of the judicial system and promotes fairness and impartiality. *In re*

11  *Marshall*, 403 B.R. 668, 677–78 (C.D. Cal. 2009), *aff'd*, 721 F.3d 1032 (9th Cir. 2013).

12       For these reasons, attempts to manipulate the random case assignment process

13  are subject to universal condemnation. *United States v. Phillips*, 59 F. Supp. 2d 1178,

14  1180 (D.Utah 1999) (collecting cases and articles). And courts "must take great pains

15  to avoid any inference that assignments are being made for an improper purpose,

16  particularly where criminal cases are concerned." *Abbate*, 812 F.2d at 573–74.

17       Consistent with these principles, the Central District of California has adopted

18  general orders and local rules providing for random assignment of district judges. The

19  rules also provide a limited exception to the rule of random assignment and permit

20  reassignment of related cases in some cases. As discussed below, that limited exception

21  does not apply here. Thus, the case should remain with Judge Wu, who was randomly

22  assigned to it.

23

24

25

26

27

28

---

[4] General Order 19-03 § I.A.

Case 2:22-cv-00202-FMO-E   Document 1   Filed 01/10/22   Page 26 of 49   Page ID #:26
Case 2:20-cr-00600-C   Document 9   Filed 12/07/20   Pa   5 of 6   Page ID #:23

**B.** **This criminal case is not related to the maritime civil case** *Matter of*
   *Truth Aquatics* **under General Order 19-03, Local Criminal Rule 7-4, or**
   **any other authority.**

The only legal authority cited by the government in support of its notice of
related case is General Order 14-03. Because that order has been superseded, this
opposition assumes that the government intended to cite the operative order, General
Order 19-03. That order prohibits reassignment here.[5]

General Order 19-03 prescribes the procedures for assigning cases to district
judges in the Central District of California. A case may be assigned to a district judge
in one of two ways: by random selection or direct assignment. A criminal case must be
randomly assigned to a district judge, unless it meets the requirements for direct
assignment.[6] Because this case did not meet the requirements for direct assignment, it
was randomly assigned to Judge Wu.

Section II of the General Order provides a limited exception to the rule of
random assignment and sets forth the circumstances under which a case can be
reassigned to a district judge who is presiding over a related case. A criminal case can
be related only to a previously filed *criminal* case.[7] A criminal case cannot relate to a
previously filed civil case to reassign the district judge.[8] Thus, the government's only
proffered legal basis for relating the criminal case to the civil case does not support
reassignment.

---

[5] The 2014 order would also prohibit reassignment, because the rules about
assignments for related cases are the same.

[6] Order, Section I.A.

[7] Order, Section II.I.1.a ("Parties must promptly file a Notice of Related Cases . .
. whenever a *criminal* case previously filed and one or more informations or
indictments later filed [describing circumstances].") (emphasis added).

[8] *See id.*; *accord* L.Cr.R. 7-4 (a criminal case is properly related only to a
previously filed *criminal* case).

1    There are several other issues with the government's Notice of Related Cases.

2    For example, it asserts that the two cases "involve one or more defendants from the

3    criminal case in common." That is incorrect. Putting aside that there is no "criminal

4    case in common," Mr. Boylan is the only defendant in the criminal case and he is not a

5    party to the civil case.[9] Ultimately, it is unnecessary for the Court to delve into these

6    issues because there is no basis for reassignment here: a criminal case cannot relate to a

7    civil case in order to reassign the randomly selected district judge. The Court should

8    thus reject the government's notice and the case should remain with Judge Wu.

9

10                              **IV. CONCLUSION**

11    General Order 19-03 is clear: a criminal case cannot be reassigned to a district

12    judge presiding over a previously filed civil case. This case should remain with the

13    randomly assigned district judge: Judge Wu.

14

15                              Respectfully submitted,

16                              CUAUHTEMOC ORTEGA
                                Federal Public Defender
17

18

19    DATED:  December 7, 2020     By   */s/ Georgina Wakefield*

20                              GEORGINA WAKEFIELD
                                Deputy Federal Public Defender
21                              Attorney for JERRY NEHL BOYLAN

22

23

24

25

26

27   _____

28    [9] Because the government is also not a party to the civil case, there is no party in
     common at all among the criminal case and the civil case.

6

Case 2:22-cv-00202-FMO-E   Document 1   Filed 01/10/22   Page 28 of 49   Page ID #:28

10/11/21, 3:39 PM          ATF National Respons...    ...m Activated to Join the Investigation of the Concep...    Boat Fire | Bureau of Alcohol, Tobacco, Firea...

⊕ Español

Bureau of Alcohol, Tobacco, Firearms and Explosives

# ATF

# News Release

Los Angeles Field Division



Contact: Ginger Colbrun
(818) 265-2507
www.atf.gov

For Immediate Release
Thursday, September 5, 2019

## ATF National Response Team Activated to Join the Investigation of the Conception Boat Fire

Santa Barbara, Calif. – Members from the National Response Team (NRT) of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) along with ATF special agents from the Los Angeles Field Division were activated today to join the investigation of the fire that occurred on the dive boat Conception killing 34 people Monday. The fire started in the early morning hours of Labor Day while the ship was anchored off Santa Cruz Island.

The partial NRT callout will have experts arriving tomorrow and they will soon be processing the scene to determine the cause and origin of the fire. Special agents and other experts with the NRT were activated to join the investigation at the request of the Santa Barbara County Sheriff's Office (SBCSO). The NRT members will be working jointly with the ATF Los Angeles Field Division, SBCSO, and the U.S. Coast Guard.

The 75-foot commercial diving boat was based out of Santa Barbara Harbor. The boat was fully engulfed in the fire and sank to the ocean floor at approximately 7:20 a.m., Monday. Five of the 39 passengers onboard were rescued.

"ATF is committed to working alongside local law enforcement its national partners by bringing its resources to determine the origin and cause of this fire that resulted in the tragic loss of 34 people," said Special Agent in Charge of ATF Los Angeles Field Division Carlos A. Canino. "ATF will provide whatever is necessary to thoroughly investigate and provide answers to the victims' families."

Federal, state and local investigators can request an NRT activation to investigate significant fire, arson and explosion incidents. The NRT provides an immediate and sustained nationwide response capability, deploying within 24 hours of notification, with state-of-the-art equipment and qualified ATF personnel.

The NRT works in conjunction with other investigators to reconstruct the scene, identify the seat of the blast or origin of the fire and determine the cause of an incident. In the case of bombings and arsons, NRT members gather evidence to support criminal prosecutions. A deployed NRT is generally broken down into two components — a group that processes the scene and an investigative-lead element. In the course of the overall investigation, both components coordinate daily to ensure investigative continuity.

In 1978, ATF developed the NRT to bring its expertise to federal, state and local investigators in meeting the challenges faced at the scenes of significant explosives and arson incidents. The NRT consists of four teams organized geographically to cover the United States.

This is the 14th NRT activation in fiscal year 2019 and the 846st since the inception of the NRT.

The teams are each composed of veteran special agents who have post-blast and fire origin-and-cause expertise; forensic chemists; explosives enforcement officers; fire protection engineers; accelerant detection canines; explosives detection canines; intelligence support, computer forensic support and audit

support. Further complementing the teams' efforts are technical, legal and intelligence advisers. Moreover, a fleet of fully equipped response vehicles strategically located throughout the United States is available to provide logistical support.

Other activations of the NRT in California include the 2018 five-alarm fire in Oakland; the 2018 blaze resulting in the $55 million loss of the Northern California Concord apartment complex; the 2015 fire in San Marco at Holland Motor Homes causing $4 million in damage; the 2014 Da Vinci complex blaze in Los Angeles causing $30 million in damage to the complex and an additional $50 million in damage to the Department of Water and Power building.

For more information, follow ATF on Twitter @LosAngelesATF.

###

<u>Los Angeles Field Division</u>



**U.S. Department of Justice**

Bureau of Alcohol, Tobacco,
Firearms and Explosives

www.atf.gov

September 29, 2021                                                    REFER TO: 2021-0854

Mr. Mark M. Williams, Esq.
LaFollette Johnson
865 South Figueroa Street
32nd Floor
Los Angeles, CA 90017-2543
mwilliams@ljdfa.com

Dear Mr. Williams:

This responds to your Freedom of Information Act (FOIA) [/Privacy Act] request dated June 8,
2021 and received by the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) on June
8, 2021, in which you requested records concerning a fire at Dive Boat Conception, Santa Cruz
Island, CA on 9/2/19.  Your request has been assigned number 2021-0854.  Please refer to this
number on any future correspondence.

At this time, the investigation relating to the fire at Dive Boat Conception, Santa Cruz Island, CA
on 9/2/19 is still open.  Therefore, your request is denied pursuant to 5 U.S.C. § 552(b)(7)(A)
because it concerns an ongoing investigation.  Exemption (b)(7)(A) authorizes us to withhold
investigatory records or information compiled for law enforcement purposes, the release of
which could reasonably be expected to interfere with enforcement proceedings.

For your information, Congress excluded three discrete categories of law enforcement and
national security records from the requirements of the FOIA.  *See* 5 U.S.C. § 552(c).  This
response is limited to those records that are subject to the requirements of the FOIA.  This is a
standard notification that is given to all our requesters and should not be taken as an indication
that excluded records do, or do not, exist.

You may contact our FOIA Public Liaisons, Darryl Webb or Zina Kornegay, at (202) 648-7390,
for any further assistance and to discuss any aspect of your request.  Additionally, you may
contact the Office of Government Information Services (OGIS) at the National Archives and
Records Administration to inquire about the FOIA mediation services they offer.  The contact
information for OGIS is as follows: Office of Government Information Services, National
Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park,
Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-
684-6448; or facsimile at 202-741-5769.

-2-

Mr. Williams

If you are not satisfied with my response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal.  Your appeal must be postmarked or electronically transmitted within 90 days of the date of my response to your request.  If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

Sincerely,

Adam C. Siple
Chief
Information and Privacy Governance Division

US POSTAGE $ 018.760
02 7H
0001326200   OCT 15 2021
MAILED FROM ZIP CODE 91206
PITNEY BOWES
FIRST-CLASS

7014 3490 0001 7898 3534

**VIA CERTIFIED MAIL**

Director, Office of Information Policy (OPI)
United States Department of Justice
441 G. Street, NW, 6th Floor
Washington, D. C. 20530



LA FOLLETTE JOHNSON
LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES
*A Professional Corporation*

701 North Brand Boulevard, Suite 600
Glendale, California 91203

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

Director Office of Information
Policy (OIP)
United States Dept. of Justice
441 G. Street NW, 6th Flr.
Washington, DC 20530

9590 9402 5359 9189 8437 18

2. Article Number (Transfer from service label)

7014 3490 0001 7898 3534

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee

B. Received by (Printed Name)        C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
  (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted
  Delivery
☐ Return Receipt for
  Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation
  Restricted Delivery

Domestic Return Receipt

# EXHIBIT "D"



**U.S. Department of Justice**

Office of Information Policy

*Sixth Floor*
*441 G Street, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

November 08, 2021

Mark Williams
Suite 600 701 North Brand Boulevard
Glendale, CA  91203

Dear Mark Williams:

This is to advise you that the Office of Information Policy (OIP) of the U.S. Department of Justice received your administrative appeal from the action of the ATF regarding Request No. 2021-0854 on 10/29/2021.

In an attempt to afford each appellant equal and impartial treatment, OIP has adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number A-2022-00245 . Please refer to this number in any future communication with OIP regarding this matter. Please note that if you provided an email address or another electronic means of communication with your request or appeal, this Office may respond to your appeal electronically even if you submitted your appeal to this Office via regular U.S. Mail.

We will notify you of the decision on your appeal as soon as we can. If you have any questions about the status of your appeal, you may contact me at (202) 514-3642. If you have submitted your appeal through FOIA STAR, you may also check the status of your appeal by logging into your account.

Sincerely,

*Priscilla Jones*

Priscilla Jones
Supervisory Administrative Specialist



**U.S. Department of Justice**

Office of Information Policy

*Sixth Floor*
*441 G Street, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

November 30, 2021

Mark Williams
La Follette Johnson, PC
Suite 600
701 North Brand Boulevard
Glendale, CA  91203

mwilliams@ljdfa.com

Re:   Appeal No. A-2022-00245

Request No. 2021-0854

DRC:MGS

**VIA: Email**

Dear Mark Williams:

You appealed from the action of the Bureau of Alcohol, Tobacco, Firearms and
Explosives (ATF) on your Freedom of Information Act request for access to records concerning
a report of ATF investigation of the Conception boat fire that took place on September 2, 2019,
at Santa Cruz Island, California.  I note that your appeal concerns ATF's denial of your request.

After carefully considering your appeal, I am affirming ATF's action on your request.
The FOIA provides for disclosure of many agency records.  At the same time, Congress
included in the FOIA nine exemptions from disclosure that provide protection for important
interests such as personal privacy, privileged communications, and certain law enforcement
activities.  ATF properly withheld this information in full because it is protected from
disclosure under the FOIA pursuant to 5 U.S.C. 552(b)(7)(A) and it is reasonably foreseeable
that disclosure of this information would harm the interests protected by this provision.  This
provision concerns certain records or information compiled for law enforcement purposes the
release of which could reasonably be expected to interfere with enforcement proceedings.

Please be advised that this Office's decision was made only after a full review of this
matter.  Your appeal was assigned to an attorney with this Office who thoroughly reviewed and
analyzed your appeal, your underlying request, and the action of ATF in response to your
request.

If you are dissatisfied with my action on your appeal, the FOIA permits you to file a
lawsuit in federal district court in accordance with 5 U.S.C. §552(a)(4)(B).

For your information, the Office of Government Information Services (OGIS) offers mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. Using OGIS services does not affect your right to pursue litigation. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; email at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769. If you have any questions regarding the action this Office has taken on your appeal, you may contact this Office's FOIA Public Liaison for your appeal. Specifically, you may speak with the undersigned agency official by calling (202) 514-3642.

Sincerely,

X  /s/ Daniel Castellano
Daniel Castellano,
Associate Chief, for Matthew Hurd, Chief,
Administrative Appeals Staff

# EXHIBIT "E"

CLERK, U.S. DISTRICT COURT

12/01/2020

CENTRAL DISTRICT OF CALIFORNIA
BY: _____DM_____ DEPUTY

1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9         FOR THE CENTRAL DISTRICT OF CALIFORNIA

10              January 2020 Grand Jury

11   UNITED STATES OF AMERICA,          CR 2:20-cr-00600-GW

12              Plaintiff,              I N D I C T M E N T

13              v.                      [18 U.S.C. § 1115: Seaman's
                                        Manslaughter]
14   JERRY NEHL BOYLAN,

15              Defendant.

16

17

18        The Grand Jury charges:

19                 INTRODUCTORY ALLEGATIONS

20        At times relevant to this Indictment:

21        1.    The passenger vessel ("P/V") *Conception* was a 75-foot, wood

22   and fiberglass passenger vessel based out of Santa Barbara,

23   California.

24        2.    Defendant JERRY NEHL BOYLAN was the Captain and Master of

25   the *P/V Conception* and, as such, was responsible for the safety and

26   security of the vessel, its crew, and its passengers.

27

28

3.   In the early morning hours of September 2, 2019, a fire broke out aboard the *P/V Conception*, claiming the lives of one crewmember and all 33 passengers onboard.

4.   These Introductory Allegations are incorporated into each count of this Indictment.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COUNTS ONE THROUGH THIRTY-FOUR

[18 U.S.C. § 1115]

On or about September 2, 2019, in Santa Barbara County, within the Central District of California, defendant JERRY NEHL BOYLAN, the Captain and Master employed on the *P/V Conception*, by his misconduct, negligence, and inattention to his duties on said vessel, including failing to have a night watch or roving patrol as required by 46 C.F.R. § 185.410 and the vessel's United States Coast Guard Certificate of Inspection, failing to conduct sufficient fire drills as required by 46 C.F.R. § 185.524, and failing to conduct sufficient crew training as required by 46 C.F.R. § 185.420, caused the deaths of the following individuals:

| COUNT | VICTIM |
|-------|--------|
| ONE | C.D.A. |
| TWO | S.J.S. |
| THREE | T.N.A.S. |
| FOUR | B.F. |
| FIVE | J.-P.A. |
| SIX | N.G.B. |
| SEVEN | P.A.B. |
| EIGHT | V.D.C. |
| NINE | K.M.C. |
| TEN | R.S.C. |
| ELEVEN | S.S.D. |

3

| COUNT | VICTIM |
|-------|--------|
| TWELVE | J.C.D. |
| THIRTEEN | L.A.F. |
| FOURTEEN | K.O.F. |
| FIFTEEN | A.A.F. |
| SIXTEEN | A.D.D.-F. |
| SEVENTEEN | D.G. |
| EIGHTEEN | Y.K. |
| NINETEEN | Y.H. |
| TWENTY | A.H.K. |
| TWENTY-ONE | X.L. |
| TWENTY-TWO | C.S.M. |
| TWENTY-THREE | K.M.T. |
| TWENTY-FOUR | C.A.M. |
| TWENTY-FIVE | M.G. |
| TWENTY-SIX | K.N. |
| TWENTY-SEVEN | E.S.Q. |
| TWENTY-EIGHT | A.R.S.Q. |
| TWENTY-NINE | M.S.Q. |
| THIRTY | N.S.S.Q. |

| COUNT | VICTIM |
|-------|--------|
| THIRTY-ONE | S.S.S. |
| THIRTY-TWO | F.J.S. |
| THIRTY-THREE | T.S.S. |
| THIRTY-FOUR | W.T. |

A TRUE BILL

_/S/_____
Foreperson

NICOLA T. HANNA
United States Attorney

_Brandon Fox_

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

JOSEPH O. JOHNS
Assistant United States Attorney
Chief, Environmental & Community
Safety Crimes Section

MARK A. WILLIAMS
Assistant United States Attorney
Deputy Chief, Environmental &
Community Safety Crimes Section

DIANA M. KWOK
Assistant United States Attorney
Environmental & Community Safety
Crimes Section

Reset Form

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

FILED U.S. DISTRICT COURT
12/01/2020
CENTRAL DISTRICT OF CALIFORNIA
BY: ____DM____ DEPUTY

# CASE SUMMARY

| | |
|---|---|
| Case Number   2:20-cr-00600-GW | Defendant Number   1 |
| U.S.A. v.   Jerry Nehl Boylan | Year of Birth   1953 |
| ☑ Indictment    ☐ Information | Investigative agency (FBI, DEA, etc.)   FBI; USCG-CGIS; ATF |

NOTE: All items MUST be completed.  If you do not know the answer or a question is not applicable to your case, enter "N/A."

## OFFENSE/VENUE

a. Offense charged as a:

☐ Class A Misdemeanor   ☐ Minor Offense   ☐ Petty Offense

☐ Class B Misdemeanor   ☐ Class C Misdemeanor   ☑ Felony

b. Date of Offense   September 2, 2019

c. County in which first offense occurred

Santa Barbara

d. The crimes charged are alleged to have been committed in (CHECK **ALL** THAT APPLY):

☐ Los Angeles   ☐ Ventura

☐ Orange   ☑ Santa Barbara

☐ Riverside   ☐ San Luis Obispo

☐ San Bernardino   ☐ Other _____

Citation of Offense   18 U.S.C. § 1115

e. Division in which the MAJORITY of events, acts, or omissions giving rise to the crime or crimes charged occurred:

☑ Western (Los Angeles, San Luis Obispo, Santa Barbara, Ventura)

☐ Eastern (Riverside and San Bernardino)   ☐ Southern (Orange)

## RELATED CASE

Has an indictment or information involving this defendant and the same transaction or series of transactions been previously filed and dismissed before trial?

☑ No   ☐ Yes

If "Yes," Case Number: _____

Pursuant to General Order 19-03, criminal cases may be related if a previously filed indictment or information and the present case:

a. arise out of the same conspiracy, common scheme, transaction, series of transactions or events; or

b. involve one or more defendants in common, and would entail substantial duplication of labor in pretrial, trial or sentencing proceedings if heard by different judges.

Related case(s), if any (MUST MATCH NOTICE OF RELATED CASE):   19-CV-7693-PA-MRW

## PREVIOUSLY FILED COMPLAINT/CVB CITATION

A complaint/CVB citation was previously filed on:   N/A

Case Number:   N/A

Assigned Judge:   N/A

Charging: N/A

The complaint/CVB citation:

☐ is still pending

☐ was dismissed on: _____

## PREVIOUS COUNSEL

Was defendant previously represented?   ☑ No   ☐ Yes

IF YES, provide Name:   N/A

Phone Number:   N/A

## COMPLEX CASE

Are there 8 or more defendants in the Indictment/Information?

☐ Yes*   ☑ No

Will more than 12 days be required to present government's evidence in the case-in-chief?

☐ Yes*   ☑ No

*AN ORIGINAL AND 1 COPY (UNLESS ELECTRONICALLY FILED) OF THE NOTICE OF COMPLEX CASE MUST BE FILED AT THE TIME THE INDICTMENT IS FILED IF EITHER "YES" BOX IS CHECKED.

## SUPERSEDING INDICTMENT/INFORMATION

IS THIS A NEW DEFENDANT?   ☐ Yes   ☑ No

This is the   N/A   superseding charge (i.e., 1st, 2nd).

The superseding case was previously filed on:

N/A

Case Number N/A

The superseded case:

☐ is still pending before Judge/Magistrate Judge

N/A

☐ was previously dismissed on   N/A

Are there 8 or more defendants in the superseding case?

☐ Yes*   ☑ No

Will more than 12 days be required to present government's evidence in the case-in-chief?

☐ Yes*   ☑ No

Was a Notice of Complex Case filed on the Indictment or Information?

☐ Yes   ☑ No

*AN ORIGINAL AND 1 COPY OF THE NOTICE OF COMPLEX CASE MUST BE FILED AT THE TIME THE SUPERSEDING INDICTMENT IS FILED IF EITHER "YES" BOX IS CHECKED.

UNITED STATES DISTRICT COURT

**CENTRAL DISTRICT OF CALIFORNIA**

## CASE SUMMARY

**INTERPRETER**

Is an interpreter required?  ☐ YES  ☑ NO

IF YES, list language and/or dialect:

N/A
_____

**OTHER**

☑ Male          ☐ Female

☑ U.S. Citizen   ☐ Alien

Alias Name(s)   N/A _____

_____

This defendant is charged in:

☑ All counts

☐ Only counts: _____

☐ This defendant is designated as "High Risk" per
18 USC § 3146(a)(2) by the U.S. Attorney.

☐ This defendant is designated as "Special Case" per
18 USC § 3166(b)(7).

Is defendant a juvenile?       ☐ Yes  ☑ No

IF YES, should matter be sealed?  ☐ Yes  ☐ No

The area(s) of substantive law that will be involved in this case
include(s):

☐ financial institution fraud    ☐ public corruption

☐ government fraud              ☐ tax offenses

☐ environmental issues          ☐ mail/wire fraud

☐ narcotics offenses            ☐ immigration offenses

☐ violent crimes/firearms       ☐ corporate fraud

☑ Other  Manslaughter _____

_____

**CUSTODY STATUS**

Defendant is **not in custody**:

a. Date and time of arrest on complaint:  N/A _____

b. Posted bond at complaint level on:  N/A _____

   in the amount of $ N/A _____

c. PSA supervision?  ☐ Yes  ☑ No

d. Is on bail or release from another district:
N/A _____

Defendant is **in custody**:

a. Place of incarceration:  ☐ State  ☐ Federal

b. Name of Institution:  N/A _____

c. If Federal, U.S. Marshals Service Registration Number:
N/A _____

d. ☐ Solely on this charge.  Date and time of arrest:
N/A _____

e. On another conviction:     ☐ Yes  ☑ No

   IF YES :  ☐ State     ☐ Federal    ☐ Writ of Issue

f. Awaiting trial on other charges:  ☐ Yes  ☑ No

   IF YES :  ☐ State  ☐ Federal   AND

Name of Court:  N/A _____

Date transferred to federal custody: N/A _____

This person/proceeding is transferred from another district
pursuant to F.R.Cr.P. _____ 20 _____ 21 _____ 40

**EXCLUDABLE TIME**

Determinations as to excludable time prior to filing indictment/information.  EXPLAIN:  N/A _____

_____

_____

Date ____ 11/30/2020 ____

*Mark A. Williams*
_____
Signature of Assistant U.S. Attorney

Mark A. Williams
_____
Print Name

FILED
CLERK, U.S. DISTRICT COURT

12/01/2020

CENTRAL DISTRICT OF CALIFORNIA
BY:     DM         DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| | CASE NUMBER |
| UNITED STATES OF AMERICA,<br>PLAINTIFF | CR 2:20-cr-00600-GW |
| v.<br>JERRY NEHL BOYLAN,<br>DEFENDANT | **NOTICE TO COURT OF<br>RELATED CASE**<br><br>(PURSUANT TO GENERAL ORDER 14-03) |

Plaintiff United States of America hereby informs the Court that the above-entitled criminal case may be related to In the Matter of the Complaint of Truth Aquatics, Inc. and Glen Richard Fritzler and Dana Jeanne Fritzler, Case No. 19-CV-7693-PA-MRW, which:

   __X__   was previously assigned to the Honorable Percy Anderson;

   _____   has not been previously assigned.

The above-entitled cases may be related for the following reasons:

   __X__   arise from the same or a closely related transaction, happening, or event;

   __X__   call for determination of related or similar questions of law and fact; and/or

   __X__   involve one or more defendants from the criminal case in common and would entail substantial duplication of labor if heard by different judges.

Additional explanation (if any):

Both the civil case and the instant criminal case arise from the fire aboard the *P/V Conception* on September 2, 2019, that claimed the lives of 34 individuals. There is likely to be considerable overlap of facts, witnesses, and legal theories in both cases. The most recent Joint Report filed in the civil case notes that "…Petitioners believe that many, and perhaps all, of the central issues to this limitation action will also be at issue in the criminal proceedings." See 19-CV-7693-PA-MRW, Docket No. 164.

Dated: November 30, 2020

MARK A. WILLIAMS
JOSEPH O. JOHNS
DIANA KWOK
Assistant United States Attorneys

1   TRACY L. WILKISON
    Acting United States Attorney
2   BRANDON D. FOX
    Assistant United States Attorney
3   Chief, Criminal Division
    MARK A. WILLIAMS (Cal. Bar No. 239351)
4   Chief, Environmental and Community Safety Crimes Section
    JOSEPH O. JOHNS (Cal. Bar No. 144524)
5   DIANA M. KWOK (Cal. Bar No. 246366)
    Assistant United States Attorneys
6   Environmental and Community Safety Crimes Section
        1300 United States Courthouse
7       312 North Spring Street
        Los Angeles, California 90012
8       Telephone: (213) 894-6529
        Facsimile: (213) 894-0141
9       E-mail:    diana.kwok@usdoj.gov

10  Attorneys for Plaintiff
    UNITED STATES OF AMERICA

11
                    UNITED STATES DISTRICT COURT
12
                FOR THE CENTRAL DISTRICT OF CALIFORNIA
13
    UNITED STATES OF AMERICA,              No. CR 20-600-GW
14
            Plaintiff,                     ORDER CONTINUING TRIAL DATE AND
15                                         FINDINGS REGARDING EXCLUDABLE TIME
                  v.                       PERIODS PURSUANT TO SPEEDY TRIAL
16                                         ACT
    JERRY NEHL BOYLAN,
17                                         **[PROPOSED] TRIAL DATE: 3-22-22**
            Defendant.
18                                         **[PROPOSED] STATUS CONFERENCE AND
                                           MOTIONS HEARING DATE: 2-28-22**
19

20

21       The Court has read and considered the Stipulation Regarding

22  Request for (1) Continuance of Trial Date and (2) Findings of

23  Excludable Time Periods Pursuant to Speedy Trial Act, filed by the

24  parties in this matter on March 25, 2021.  The Court hereby finds

25  that the Stipulation, which this Court incorporates by reference into

26  this Order, demonstrates facts that support a continuance of the

27  trial date in this matter, and provides good cause for a finding of

28  excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

1    The Court further finds that:  (i) the ends of justice served by

2  the continuance outweigh the best interest of the public and

3  defendant in a speedy trial; (ii) failure to grant the continuance

4  would be likely to make a continuation of the proceeding impossible,

5  or result in a miscarriage of justice; and (iii) failure to grant the

6  continuance would unreasonably deny defendant continuity of counsel

7  and would deny defense counsel the reasonable time necessary for

8  effective preparation, taking into account the exercise of due

9  diligence.

10    THEREFORE, FOR GOOD CAUSE SHOWN:

11    1.   The trial in this matter is continued from March 30, 2021,

12  to March 22, 2022 at 8:30 a.m. The status conference hearing is set

13  for February 28, 2022 at 8:00 a.m.  The briefing schedule for any

14  motions shall be: motions to be filed on or before January 17, 2022;

15  oppositions to be filed on or before February 7, 2022; replies to be

16  filed on or before February 14, 2022; and motions hearing date of

17  February 28, 2022.  The parties shall endeavor in good faith to file

18  all motions in limine by the above motions cutoff date.

19    2.   The time period of March 30, 2021, to March 22, 2022,

20  inclusive, is excluded in computing the time within which the trial

21  must commence, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i),

22  and (B)(iv).

23    3.   Defendant shall appear in Courtroom 9D of the Federal

24  Courthouse, 350 W. 1st Street, Los Angeles, California on March 22,

25  2022, at 9:00 a.m.

26    4.   Nothing in this Order shall preclude a finding that other

27  provisions of the Speedy Trial Act dictate that additional time

28  periods are excluded from the period within which trial must

1    commence.  Moreover, the same provisions and/or other provisions of

2    the Speedy Trial Act may in the future authorize the exclusion of

3    additional time periods from the period within which trial must

4    commence.

5        IT IS SO ORDERED.

6

7    March 29, 2021

     DATE

8

     HONORABLE GEORGE H. WU

     UNITED STATES DISTRICT JUDGE

9

10

11   Presented by:

12        /s/

     DIANA KWOK

13   Assistant United States Attorney

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28